UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMSON COULTER, <br><br> Plaintiff, <br><br> v. <br><br> LAKE COUNTY PUBLIC DEFENDER OFFICE, et al., <br><br> Defendants. | CAUSE NO.: 2:22-CV-210-TLS-JPK |

**OPINION AND ORDER**

Jamson Coulter, a prisoner without a lawyer, filed a Complaint [ECF No. 1] against Chief Public Defender Marce Gonzalez, Jr., Public Defender Benjamen W. Murphy, Lake County Public Defender's Office, and Lake County. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Plaintiff alleges that, on March 1, 2022, Defendant Murphy, the attorney who represented him in his criminal case, took the remainder of the $3,000 bond he had posted in his Lake Superior Court criminal case, No. 45G01-1908-F5-000379. *See* ECF No. 1 at 1–2. Because the Plaintiff had posted a $3,000 bond, he expected to receive a portion of the bond money at the conclusion of his case, but no money was returned to him. *Id.* at 2. The Plaintiff wrote a letter to the Clerk of Court, who told him the bond money had been taken. *Id.* The Plaintiff later received

a letter from Defendant Gonzalez explaining that, after he had posted his cash bond and a public defender was appointed, money for the work performed on his behalf was deducted from his bond. *Id*. at 2–3; ECF No. 1-2, p. 3. Defendant Gonzalez indicated that the Plaintiff's bond had been treated in the same manner as bond paid by other defendants and that the process had been explained to him at his initial appearance. *See* ECF No. 1-2 at 3.

The Plaintiff wrote back to Defendant Gonzalez accusing him of trying to cover up Defendant Murphy's wrongdoing by using his position as Chief Public Defender. *See* ECF No. 1 at 2–3. He asserts that a Lake County Judge also attempted to cover up Defendant Gonzalez's and Defendant Murphy's actions by not allowing him to obtain a transcript and gather evidence of the wrongdoing. *Id.* at 3. The Plaintiff asserts that Defendant Gonzalez and Defendant Murphy calculated their fees to equal the remainder of the bond. *Id.*

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that the defendants' actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). In the case of a criminal defense attorney, even an appointed public defender, the actions of the attorney are not fairly attributable to the state and the attorney is not acting under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Therefore, the Plaintiff cannot proceed against Defendant Gonzalez or Defendant Murphy.

The Plaintiff has also sued the Lake County Public Defender's Office and Lake County. However, his claim against the Lake County Public Defender's Office is barred because, as stated, Defendant Gonzalez and Defendant Murphy did not act under color of state law. *Polk County*, 454 U.S. at 325. Furthermore, to the extent the Plaintiff is suing Lake County, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009). Accordingly, the Plaintiff cannot proceed against the Lake County Public Defender's Office or Lake County.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on January 10, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT